**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOHN HALE**                                                                        **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 1:19-cv-242-HSO-MTP**

**UNKNOWN SHAW**                                                  **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on the Petition [1] of John Hale for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and Respondent's Motion [7] to Dismiss. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion [7] to Dismiss be granted and that the Petition be dismissed with prejudice as untimely.

**BACKGROUND**

On October 9, 2014, Petitioner was convicted of four (4) counts of transfer of a controlled substance. Mot. [7], Ex. 1. The Harrison County Circuit Court sentenced Petitioner to serve eight (8) years for Count I and eight (8) years for Count II, with these two sentences to run consecutively. *Id.* Petitioner was also sentenced to serve eight (8) years for Count III and eight (8) years for Count IV, with these sentences to run concurrently with Count I and Count II. *Id.* This resulted in a sixteen-year sentence. Petitioner is ineligible for parole or probation as he was sentenced as a habitual offender. *Id.*

The conviction was affirmed by the Mississippi Supreme Court on February 4, 2016. *See Hale v. State*, 191 So. 3d 719 (Miss. 2016). Rehearing was denied on May 19, 2016. *See* 2014-KA-01778-SCT. On October 2, 2017, Petitioner filed a Motion for Post-Conviction Collateral Relief ("PCR") in the Mississippi Supreme Court. *See* Mot. [7], Ex. 3. The Mississippi Supreme Court denied Hale's PCR motion on April 11, 2018. *See* Mot. [7], Ex. 4. The court

held that Petitioner's claim of ineffective assistance of counsel did not pass the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and that he had "failed to make a substantial showing of the denial of a state or federal right." *Id.*

Petitioner filed this habeas matter on April 17, 2019 challenging his 2014 convictions in the Harrison County Circuit Court.[1]  Respondent filed his Motion [7] to Dismiss on July 31, 2019, arguing that the Petition is untimely.  Petitioner filed his Response [9] on August 30, 2019 and Respondent filed his Reply [10] on September 6, 2019.  This matter is now ripe for review.

## ANALYSIS

Respondent submits that the Petition is untimely under 28 U.S.C. § 2244(d) because it was filed more than a year after Petitioner's conviction became final.  28 U.S.C. § 2244(d) provides:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Petitioner appears to have signed the Petition on April 2, 2019, and the Court will calculate the statute of limitations using this date as the earliest date the Petition could have been filed.

> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Stated succinctly, absent other circumstances not present here, a petitioner must file or apply for a writ of habeas corpus within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *Id*.

The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

The record reflects that Petitioner's conviction became final on August 17, 2016, which was ninety days after rehearing was denied by the Mississippi Supreme Court. The statute of limitations for federal habeas relief began to run on that day and Petitioner was required to file his federal habeas petition by August 17, 2017, unless he was entitled to statutory or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Even considering the date the Petition was signed, April 2, 2019, as the date the Petition was filed, this was almost two and a half years after Petitioner's conviction became final.

### *Statutory Tolling*

The one-year limitation period may be tolled if within that year a "properly filed application for State post-conviction or collateral review" remains pending. 28 U.S.C. §

3

2244(d)(2).  As previously stated, Petitioner filed his PCR motion with the Mississippi Supreme Court on October 2, 2017— after his conviction became final on August 17, 2016 and after the statute of limitations ran for filing a habeas corpus petition on August 17, 2017.  Consequently, the PCR motion did not toll the limitation period in which to file a petition under the statutory framework.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired).  Therefore, statutory tolling under § 2244(d) does not apply in this instance.

*Equitable Tolling*

There is another exception to the one-year limitation: equitable tolling.  To establish equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted).  Equitable tolling only applies in rare and exceptional circumstances.  *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citation omitted).

<u>Mental Illness</u>

Petitioner submits that he is mentally ill, and if his Petition was untimely then equitable tolling should be applied due to his mental health issues.  Resp. [9] at 2.  In Petitioner's opinion, his depression, post-traumatic stress disorder, anxiety, and personality disorder are not

adequately treated by the Mississippi Department of Corrections, and this prevents him from functioning properly.[2]

Mental illness may warrant equitable tolling. *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). However, the petitioner "(i) must make a threshold showing of incompetence and (ii) must show that his incompetence affected his ability to file a timely habeas petition." *Id*. "The mental incompetency must be so severe as to prevent the individual from understanding and managing his legal affairs." *Barker v. Mississippi*, 2008 WL 906492 at *1 (N.D. Miss. Mar. 20, 2008) (citing *Hood v. Sears & Roebuck, Co.*, 168 F.3d 231, 232-233 (5th Cir. 1999)).

Petitioner has not made the requisite showing that he is mentally incompetent. The record alone contradicts this assertion, as Petitioner was able to file a voluminous Petition and respond to motions. Petitioner was also capable of filing a *pro se* post-conviction motion with the Mississippi Supreme Court. See Mot. [7], Ex. C. "[R]egardless of any mental illness, [Petitioner] has pursued, without the assistance of counsel, both state and federal [] relief." *Jones*, 541 F. App'x at 505. Petitioner has, therefore, not demonstrated that any mental illness incapacitated him to the degree that he was unable to file a timely petition or pursue other legal matters in this Court.[3] Accordingly, he is not entitled to equitable tolling of the statute of limitations.

---

[2] While Petitioner may have mental health issues that limit his every day life, it has not limited his ability to litigate this matter. The undersigned notes that Petitioner submitted over 1,000 annotated pages along with his Petition.

[3] The undersigned also notes that Petitioner has litigated other matters in this Court during the relevant time period. *See* Hale v. Harrison County Board of Supervisors, 1:14-cv-61-LG-JCG; *see also* Hale v. Abangan, 3:15-cv-170-CWR-FKB.

Actual Innocence

Petitioner also argues that he is innocent of the crimes for which he was convicted. He maintains that he was involuntarily intoxicated when he sold controlled substances to an undercover police officer, which resulted in his conviction. Petitioner maintains that his friend crushed Xanax pills and dissolved these pills in grapefruit juice that the friend then gave to Petitioner. This combination of grapefruit juice, Xanax, and the other prescription medication Petitioner was taking allegedly rendered him intoxicated "against his will," such that he was not aware of his actions and did not act with volition when he committed the criminal acts.

He relies upon articles from the internet, some from Wikipedia and WebMD, that discuss the effects of grapefruit juice on other prescription drugs. *See* Pet. [1], Ex. 2 at 46-74. Petitioner asserts that this constitutes "new evidence," that if delivered to a jury through an expert would result in his acquittal.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar… or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Successful claims of actual innocence on habeas review are rare. *Id*. A habeas action is not a retrial, and Petitioner enjoys no presumption of innocence. In fact, actual innocence claims "'come[] before the habeas court with a strong—and in the vast majority of the cases conclusive—presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326 n. 42 (1995)). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

6

The internet articles attached to the Petition do not constitute new, reliable evidence such that Petitioner could overcome the expiration of the statute of limitations. *Schlup*, 513 U.S. at 324. Neither the authenticity of the articles is established, nor the veracity of the content, and this "new evidence" does not establish that no reasonable juror would have found Petitioner guilty. Moreover, the information is not "new." Several of the articles attached to the Petition are dated before Petitioner was convicted in 2014. *See* Pet. [1], Ex. 2 at 46-74.

Petitioner has not demonstrated that he is innocent, but only puts forth a claim of innocence. This claim does not overcome the strong presumption of guilt in a habeas proceeding. Petitioner is not entitled to assert his untimely habeas petition by way of the actual innocence exception to the statute of limitations.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Motion [7] to Dismiss be GRANTED and the Petition [1] be DISMISSED with prejudice as untimely.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings

and legal conclusions accepted by the district court to which the party has not objected.

*Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 16th day of January, 2020.

                                            /s/ Michael T. Parker
                                            United States Magistrate Judge