IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN HALE | § | PETITIONER |
| | § | |
| v. | § | Civil No. 1:19cv242-HSO-MTP |
| | § | |
| UNKNOWN SHAW | § | RESPONDENT |

**ORDER OVERRULING PETITIONER'S [12] OBJECTION; ADOPTING MAGISTRATE JUDGE'S [11] REPORT AND RECOMMENDATION; GRANTING RESPONDENT'S [7] MOTION TO DISMISS; AND DISMISSING [1] PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**

This matter comes before the Court on Petitioner John Hale's Objection [12] to the Report and Recommendation [11] of United States Magistrate Michael T. Parker, which recommended that Respondent Unknown Shaw's Motion to Dismiss [7] be granted and that Petitioner John Hale's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice as untimely.

After due consideration of the Motion [7], the Report and Recommendation [11], Petitioner's Objection [12], the record, and relevant legal authority, the Court finds that Petitioner's Objection [12] should be overruled, that the Magistrate Judge's Report and Recommendation [11] should be adopted, that Respondent's Motion to Dismiss [7] should be granted, and that the Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

## I. BACKGROUND

A. <u>Factual background</u>

On or about October 7, 2014, Petitioner John Hale ("Petitioner" or "Hale") was found guilty by a jury in the Circuit Court of Harrison County, Mississippi, Second Judicial District, of four counts of transfer of a controlled substance in violation of Mississippi Code § 41-29-139(a)(1). *See* R. [8-2] at 14-15. Hall was sentenced to serve a total of 16 years in the custody of the Mississippi Department of Corrections. *See id.* As a habitual offender, Hale was not eligible for parole or probation pursuant to Mississippi Code § 99-19-81. *See id.* at 15.

Hale moved for a new trial or judgment notwithstanding the verdict, but his motion was denied on December 15, 2014. *See id.* at 17. Hale appealed, *see id.* at 16, and the Mississippi Supreme Court affirmed Hale's conviction and sentence on February 4, 2016, *see* R. [7-2] at 1-7; *Hale v. State*, 191 So. 3d 719, 729 (Miss. 2016). On March 7, 2016, Hale filed a Motion for Rehearing with the Mississippi Supreme Court, which was denied on May 19, 2016. *See Hale v. State*, No. 2014-KA-01778-SCT (Miss. May 19, 2016). Hale did not file a petition for writ of certiorari with the United States Supreme Court. Over one year later, on September 26, 2017, Hale signed a motion for post-conviction relief that was filed in the Mississippi Supreme Court on October 2, 2017. *See* R. [7-3] at 3-77. The Mississippi Supreme Court denied that motion on April 11, 2018. *See* R. [7-4] at 1.

B. <u>Procedural history</u>

On April 2, 2019, Petitioner signed a Petition [1] under 28 U.S.C. § 2254,

seeking a writ of habeas corpus from this Court, which was filed of record on April 17, 2019. Pet. [1] at 1-88. Respondent Unknown Shaw ("Respondent") filed a Motion to Dismiss [7], arguing that Petitioner's claims should be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d). *See* Mot. [7] at 6. Petitioner filed a Response [9], and Respondent a Reply [10].

On January 16, 2020, United States Magistrate Judge Michael T. Parker entered a Report and Recommendation [11] recommending that the Petition be dismissed with prejudice as untimely. *See* R. & R. [11] at 7. Petitioner has submitted an Objection [12] to the Report and Recommendation [11], arguing that the statute of limitations to file his habeas petition was statutorily and equitably tolled, making his Petition [1] timely. *See* Obj. [12] at 1-7. Petitioner also asserts his actual innocence. *See id.* at 10. Respondent has filed a Response [13] opposing Petitioner's Objection [12] and arguing that the Magistrate Judge correctly found the Petition [1] should be dismissed as untimely. *See* Resp. [13] at 1-6.

## II. DISCUSSION

A. Standard of review

Because Petitioner has filed a written Objection to the Magistrate Judge's Report and Recommendation [11], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent

3

assessment of the law." *Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This statute is construed as a statute of limitations, and not a jurisdictional bar, such that it can be tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Section 2244(d) provides for statutory tolling in that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "[a]s the text of § 2244(d)(2) provides, a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'"

4

*Leonard v. Deville*, 949 F.3d 187, 190 (5th Cir. 2020) (quoting 28 U.S.C. § 2244(d)(2)). The statute of limitations can also be equitably tolled, but equitable tolling turns on the facts and circumstances of each particular case and is "available only in rare and exceptional circumstances." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quotation omitted).

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt the Report and Recommendation.

B. <u>Analysis</u>

1. <u>Timeliness of the Petition</u>

The Mississippi Supreme Court denied Hale's Motion for Rehearing on May 19, 2016. *See Hale v. State*, No. 2014-KA-01778-SCT (Miss. May 19, 2016). Because Hale did not file a petition for writ of certiorari to the United States Supreme Court, the conclusion of direct review occurred upon the expiration of the 90-day period for seeking such review. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Therefore, Hale's state-court conviction became final on August 17, 2016. *See id.*; *see also* 28 U.S.C. § 2244(d)(1)(A). Any § 2254 petition by Hale was therefore due on or before August 17, 2017. *See* 28 U.S.C. § 2244(d)(1). Because Hale did not sign his Petition [1] until April 2, 2019, it was untimely, *see id.*, unless he can demonstrate grounds for tolling the statute of limitations.

2. <u>Statutory tolling</u>

Hale maintains that the statute of limitation in this case was tolled under §

2244(d)(2) based upon his state court motion for post-conviction relief. However, this motion was not filed until September 26, 2017, which was after the one-year limitations period of § 2244(d)(1) had already expired. Because Hale's motion for post-conviction relief was filed after the expiration of the federal limitations period, statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable. *See, e.g., Hebrard v. Day,* 232 F.3d 208, 2000 WL 1272966, at *1 (5th Cir. 2000) (per curiam). Unless equitable tolling applies, Hale's Petition is time-barred.

3. <u>Equitable tolling</u>

For equitable tolling to apply, a petitioner bears the burden of proof to demonstrate "rare and exceptional circumstances" warranting its application. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling is available if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Diligence is defined as "reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotation omitted). With respect to the extraordinary circumstances requirement, any delays must result from external factors beyond the petitioner's control, and not from delays of his own making. *See Jackson*, 933 F.3d at 410 (quotation omitted).

In this case, Hale attributes his delay in filing his § 2254 Petition to his mental health issues. *See* Obj. [12] at 2-7. According to the United States Court of Appeals for the Fifth Circuit, "[a]lthough mental illness may warrant equitable

6

tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition[ ]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013).

In this case, Hale alleges that he suffers from depression and post-traumatic stress disorder ("PTSD"), *see* Obj. [12] at 6-7, and that these disabilities "have affected him at times," *see id.* at 3. While the records submitted showed that Hale has had a long history of mental health problems, he has provided no proof that his mental state prevented him from pursuing his legal remedies before the expiration of the one-year statute of limitations. Indeed, the record and Hale's voluminous filings show that he is quite competent and capable of pursuing his legal remedies. Hale has not made a threshold showing of incompetence. *See Jones*, 541 F. App'x at 505. Nor has Hale shown that there is any causal connection between his mental health issues and his failure to timely file a federal habeas petition. *See id.* The record is clear that, regardless of any mental health issues, Hale has pursued both state and federal habeas relief without assistance of counsel. *See id.*

Moreover, Hale alleges that his disabilities "have affected him at times," Obj. [12] at 3, but the Fifth Circuit has held that "a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling," *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Based upon the facts and circumstances of the present case, Hale has not shown that equitable tolling is warranted based upon his mental health issues.

Petitioner also appears to argue that his pro se status and ignorance of the

tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition[ ]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013).

In this case, Hale alleges that he suffers from depression and post-traumatic stress disorder ("PTSD"), *see* Obj. [12] at 6-7, and that these disabilities "have affected him at times," *see id.* at 3. While the records submitted showed that Hale has had a long history of mental health problems, he has provided no proof that his mental state prevented him from pursuing his legal remedies before the expiration of the one-year statute of limitations. Indeed, the record and Hale's voluminous filings show that he is quite competent and capable of pursuing his legal remedies. Hale has not made a threshold showing of incompetence. *See Jones*, 541 F. App'x at 505. Nor has Hale shown that there is any causal connection between his mental health issues and his failure to timely file a federal habeas petition. *See id.* The record is clear that, regardless of any mental health issues, Hale has pursued both state and federal habeas relief without assistance of counsel. *See id.*

Moreover, Hale alleges that his disabilities "have affected him at times," Obj. [12] at 3, but the Fifth Circuit has held that "a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling," *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Based upon the facts and circumstances of the present case, Hale has not shown that equitable tolling is warranted based upon his mental health issues.

Petitioner also appears to argue that his pro se status and ignorance of the

law justify equitable tolling. It is well settled that "[n]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted). Nor is proceeding pro se a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). In sum, Petitioner has not shown that equitable tolling should be applied on this basis.

4. <u>Actual innocence</u>

Finally, Petitioner asserts his actual innocence, which can be a "gateway to federal habeas review" after the expiration of the § 2244(d)(1) statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] convincing showing of actual innocence enable[s] habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims," but a successful actual innocence claim is rare and requires a petitioner to persuade a district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quotation omitted). Unjustifiable delay in presenting evidence purporting to show actual innocence is a factor to consider in determining whether actual innocence has been reliably shown. *See id.* at 387.

Having considered the evidence and arguments presented by Hale, he has not submitted new, reliable evidence that was not presented or available at trial that persuades the Court that, "in light of the evidence, no juror, acting reasonably,

would have voted to find him guilty beyond a reasonable doubt." *See id.* at 386. Hale's Petition is time-barred and should be dismissed.

III. CONCLUSION

The Court will overrule Petitioner's Objection [12], adopt the Magistrate Judge's Report and Recommendation [11] as the opinion of this Court, grant Respondent's Motion to Dismiss [7], and dismiss the Petition for Writ of Habeas Corpus [1] with prejudice as untimely.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner John Hale's Objection [12] to the Report and Recommendation [11] of United States Magistrate Michael T. Parker is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [11] of United States Magistrate Michael T. Parker is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Unknown Shaw's Motion to Dismiss [7] is **GRANTED,** and Petitioner John Hale's Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 18th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE